IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARLEEN M. HARDIN-SPARKS,              )
      Plaintiff,                              )
                                              )
                                              )
v.                                     )        No. 06-1037-JTM
                                              )
                                              )
MICHAEL J. ASTRUE, COMMISSIONER )
OF SOCIAL SECURITY,                   )
      Defendant.                              )
_____)

**ORDER**

This matter is before the court on the Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e).

On May 9, 2007, a final judgment was entered and the plaintiff's case was remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g), which provides "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (Dkt. No. 29). On June 8, 2007, the plaintiff filed a motion for attorney fees under the Equal Access to Justice Act (hereinafter "EAJA") 28 U.S.C.A. § 2412(d)(1)(A). Defendant did not file a response, and the court granted plaintiff attorneys fees on July 25, 2007. (Dkt. No. 30 and 31). On August 6, 2007, the defendant filed a motion to alter or amend the judgment. (Dkt. No. 32).

The plaintiff filed a response to the defendant's motion on September 4, 2007. (Dkt. No. 35), and sought to file an amended EAJA application seeking attorney's fees expended responding to the

defendant's motion to alter or amend. (Dkt. No. 36). At this point, defendant alleged that the plaintiff had not complied with the consultation requirements of D.Kan.R. 54.2, which requires a party seeking attorneys fees to notify the court in writing regarding a consultation attempt to reach an agreement with regard to the fee award. . Plaintiff's counsel neither filed such a written statement nor did he respond to defendant's assertion.

EAJA section 2412(d)(1)(A) provides that a court shall award fees and other expenses incurred by a "prevailing party" in a suit against the United States unless the "position of the United States was substantially justified" or "special circumstances make an award unjust." *Sullivan v. Hudson*, 490 U.S. 877, 883 (1989); *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). A plaintiff who obtains a sentence four remand under 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). An objecting party must specify which portion of the fee petition it is challenging with sufficient specificity to advise the applicant of what is at issue. *Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 715 (3d Cir. 1989). The court has a duty to evaluate the reasonableness of every fee request. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).

The plaintiff is the prevailing party in this action. (Dkt. No. 28). Nonetheless, the defendant asserts that "one permissible view of the evidence leads to the conclusion that there was a reasonable basis in law and fact for the Commissioner's defense of his decision. Therefore, the government's position was substantially justified and [p]laintiff's application for EAJA fees should be denied." (Dkt. No. 32 - page 7).

The court finds otherwise. While the defendant alleges that it "defended [p]laintiff's case based on reasonable arguments given the then-current legal authority," (Dkt. No. 32 - page 5) and

"after [d]efendant had submitted his [d]istrict [c]ourt brief, the Tenth Circuit issued *Blea v. Barnhart*, 466 F.3d 903 (10th Cir. 2006). (Dkt. No. 32 - page 4). *Blea* relied on two 1996 cases, *Adams v. Chater*, 93 F.3d 712 (10th Cir. 1996) and *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996), for the respective propositions that "the written decision [shall] reflect that the ALJ considered the testimony" *Adams*, 93 F.3d at 715 and "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Cifton*, 79 F.3d at 1010.

Which brings us to defendant's claim that it "refrained from filing a motion for an extension of time to respond to the original motion because D.Kan.R. 54.2 states that the [c]ourt would not consider [p]laintiff's motion until [p]laintiff had filed a written notice regarding the parties' consultation." (Dkt. No. 32 - page 2). However, that does not fully justify defendant's inaction. Plaintiff filed the attorney fees motion on June 8, 2007. The court issued an order granting the attorney fees on July 25, 2007, more than six weeks later. At a minimum, defendant might have filed a notice that plaintiff had not complied with D.Kan.R. 54.2.

Further, notwithstanding the non-compliance with Rule 54.2, defendant does not contend that the plaintiff's request for attorney fees is unreasonable. Defendant requests only that "any award of attorney fees under the EAJA should be scrutinized to determine the proper number of hours and proper rate of pay." (Dkt. No. 32 - page 7). Having examined the records and affidavits provided by the plaintiff, the court concludes that the number of hours claimed is reasonable and the hourly rate is reasonable. The court awards attorney's fees in the amount of $8,637.88, payable to the plaintiff's attorney. The defendant has conceded that, should the court find a fee award appropriate; it has no objection to paying directly to plaintiff's attorney. (Dkt. No. 32 - page 7).

However, plaintiff's failure to comply with Rule 54.2 has resulted in defendant expending additional time and effort in briefing the issue, and plaintiff will share in that expense. One of the goals of D.Kan.R. 54.2 is to attempt to save the parties time and money ligating unnecessary issues. By failing to file a notice of consultation, or to even respond to defendant's claim, the plaintiff bears significant responsibility for the time spent in replying to the defendant's motion to alter or amend. Therefore, the court denies the plaintiff's motion to file an amended EAJA application.

IT IS ACCORDINGLY ORDERED, this 14th day of January, 2009, that: 1) the Defendant's Motion To Alter or Amend Pursuant to Fed.R.Civ.P. 59(e) is denied; and 2) Plaintiff's Motion to File an Amended EAJA Application is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE